Herbert B. Evans, J.
The defendant has been indicted for the crime of murder. He originally retained one Herbert,- K. Lippman, Esq. as his attorney. He thereafter discharged Mr. Lippman and is. presently represented by Martin Gallin, Esq.
This motion is for a turnover order whereby the defendant seeks a direction from the court to Mr. Lippman to turn over certain, designated documents, including a psychiatric report, which counsel has either received from the defendant or the privately retained psychiatrist. Mr. Lippman has refused in the past to turn over the papers until he is paid for his services. In effect, he claims a retaining lien on the documents. ‘ ‘ A change of attorneys obviously does not in itself discharge the client from the obligation to pay the attorney for past services. In order to secure such payment the attorney has two kinds of lien — a general lien for the entire balance of account on all phpers, securities or moneys belonging to his client which came into his possession, and a charging lien for services rendered in a particular action or proceeding upon his client’s cause of action. The general or retaining lien is dependent upon possession; the charging lien was created to 1 save the attorney’s rights where he had been unable to get possession.’ (Matter of Heinsheimer, 214 N. Y. 361, 365) ”. (Robinson v. Rogers, 237 N. Y. 467, 470.)
Ordinarily, the right to either the common-law retaining lien or a statutory charging lien (Judiciary Law, § 475) arises in civil cases. A lawyer who engages in criminal trials usually receives his fee or the bulk of it prior to actually coming into court. The reason for this is apparent. Once a defendant is convicted there is small likelihood that he will ever be paid for his services. Such is a fact of life for the criminal practitioner.
The court is faced with a balancing of interests, that is, the right of a lawyer to be paid for his services versus the right of a defendant to adequately prepare for trial. To honor a retaining lien in a criminal case would not only cause a delay in the trial of the ease, but where the original attorney has the papers connected with the litigation, substituted counsel may not be able to prepare his case.
Just as a defendant “ Requires the guiding hand of counsel at every step in the proceedings against him ” (Powell v. Alabama, 287 U. S. 45, 69), counsel should not be placed in a position whereby he cannot adequately prepare the defense. One Without the other would violate the right to a fair trial and amount to a violation of due process.
There is precedent in New York for the relief sought (3 N. Y. Jur., Attorney and Client, § 134, pp. 554-555) where there is a *26 pressing need for the papers. In the case of the well-known Lindberg baby kidnap — homicide in the State of New Jersey, Bruno Hauptmann sought an order directing the lawyer who held certain of his papers to turn them over for the purpose of preparing his defense. In Matter of Hauptmann v. Fawcett (243 App. Div. 613), the attorney’s fee had already been fixed by the court. The Appellate Division, Second Department, ruled that if the lawyer had papers which would be of value to the defendant for his defense, they should be made available. The order was modified (243 App. Div. 616) to the effect that the lawyer should not be deprived of his lien or any claim for services either against the defendant or any other person liable for the same.
The usual course of action in a civil case where there is a substitution of attorneys and a demand for a turnover of papers, should counsel demand compensation, he is entitled to a summary determination fixing the value of his services. Then the fee is fixed and either is paid or security for payment is put up (Shatzkin v. Shahmoon, 19 A D 2d 658), before the papers, etc., are turned over. This court is not familiar with the defendant’s resources and is not in a position to say whether he can pay or deposit security in the event that the attorney’s fee is fixed after a hearing. However, it is the order of this court that the matter of fixing the lawyer’s fee, if any, shall be determined by a Special Referee of the court, and the latter shall hear and determine the issue, and file his report with the court. This collateral proceeding shall not stay either the criminal trial or the turnover of the documents.
In accordance with the ruling in Matter of Hauptmann v. Fawcett (supra), the application is granted to the extent that Mr. Lippman make available to defense counsel within 10 days of the date of the service of an order made and entered by this court the papers and documents set'forth in the order so that the defense counsel may make photostat copies of the same. The original papers are to be retained by Mr. Lippman as evidence of his retaining lien.
While the right to permit defense counsel to copy the papers may appear to negate the characteristics of a retaining lien, such is not the intention of the court nor the law. Where the surrender of papers, documents, etc., are pursuant to a court order, it is an involuntary surrender and the right to a lien is not extinguished. (Matter of Hauptmann v. Fawcett, supra; Brauer v. Hotel Assoc., 40 N. J. 415.)